UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHIMING DENG (DECEASED); QIANHUI
DENG, administrator on the behalf of
Shiming Deng (deceased) and himself;
YUNHONG DING,

                               Plaintiffs,

-against-

THE UNITED NATIONS; ANTONIO
GUTERRES; ARIF BULKAN; HELENE
TIGROUDJA,

                              Defendants.

22-CV-5539 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiffs brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated their federally protected rights. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Listed as Plaintiffs in the caption of this complaint are Qianhui Deng (Qianhui), who lives in China and is the "administrator on the behalf of Shiming Deng (Deceased) and himself"; Shiming Deng (Shiming), who committed suicide on November 22, 2005, "hours after being issue[d] a deportation order by the authorities of the state"; and Yunhong Ding, a United States citizen who lives in Michigan.[1] Yunhong Ding "did not know [Qianhui] or his family until 2007," when he "read about the sufferings and loss of Mr. Deng's family." (ECF 1 ¶¶ 1-4, 17.) Named as Defendants are the United Nations (U.N.); U.N. Secretary-General Antonio Guterres; and the U.N.'s Human Rights Committee (HRC) members Arif Bulkan and Helene Tigroudja. The complaint asserts claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, "the United States laws and international laws," "the Charter of the United Nations," and the "Convention on Privileges and Immunities of the United Nations." (ECF 1 ¶¶ 12-13.)

The complaint fails to allege where the underlying events occurred, but publicly available records show that during the relevant time period Shiming was residing in Canada, where prior litigation referenced in the complaint also took place.[2] The following facts are drawn from the complaint and those public records.

On August 4, 2004, Shiming was convicted in Canada of aggravated assault and sentenced to one day in jail and 3 years' probation. Court records indicated that Shiming "suffered from schizophrenia with [a] high risk of suicide," and that he required ongoing mental

---

[1] Yunhong Ding did not sign the complaint.

[2] *See, e.g.*, *Deng v. Canada*, A-142-18, 2019 FCA 213 (Dec. 13, 2019).

health care and suicide prevention treatment. (*Id.* ¶ 22.) After Shiming's conviction, deportation proceedings were initiated against him. During the pendency of those proceedings, Shiming took his life. Qianhui believes that the "authorities of the State" are responsible for Shiming's death, claiming that:

> the officials State concerned intentionally or recklessly disregarded [Shiming's] mental illness and suicidal risk, did not provide any consideration for [Shiming's] mental illness and suicidal risk, and did not provide any protection to prevent the suicide during the process of [Shiming's] deportation.

(*Id.* ¶ 17.)

On November 22, 2007, Qianhui filed a "first action" against Canada in a federal court in that country, alleging that Shiming's death "was a reasonably foreseeable and proximate consequence of the State authorities' negligence and wrongful conducts," and arising from a "failure to follow standard procedures to deal with suicide risk and mental disorder." (*Id.* ¶ 18.) In September 2010, Qianhui's attorney "discontinued" the case without informing Qianhui. Qianhui did not learn about the case's termination until 2017. (*Id.*) On September 29, 2017, Qianhui commenced in the same court a "second action" *pro se.* (*Id.* ¶ 19.) The second case was dismissed on May 9, 2018, apparently both on the merits and on statute of limitations grounds, and all attempts to appeal or to seek leave to appeal were unsuccessful. (*Id.* ¶¶ 28-33.)

During the appeal process, Yunhong Ding and Qianhui filed a complaint with the HRC, claiming that the courts in Canada "arbitrarily denied" Qianhui's right to an "effective remedy." (*Id.* ¶ 30.) The complaint was initially "refused" on exhaustion grounds, but Ding and Qianhui resubmitted it after the appeal process in the Canadian courts was completed. (*Id.*) On March 26, 2021, however, in a document signed by Defendants Bulkan and Tigroudja, the HRC "den[ied] registration of [the] case due to nonexhaustion of domestic remedies (discontinuance of the original proceedings) and abuse of the right of submission (more than five years have passed

since the discontinuance of the original set of proceedings.)" (*Id.* ¶¶ 34-44.) Follow up correspondence with Defendant Guterres did not alter that result. (*Id.* ¶¶ 46-48.) Qianhui seeks from this Court a declaration that the HRC violated international law. Plaintiff further seeks from the U.N., the U.N. secretary-general, and the two members of the HRC a "public apology," money damages, and to have his complaint to the HRC addressed. (*Id.* ¶ 125.)

## DISCUSSION

The complaint must be dismissed for lack of subject matter jurisdiction. Under the Convention on Privileges and Immunities of the United Nations, Feb. 13, 1946, *entered into force with respect to the United States* Apr. 29, 1970, 21 U.S.T. 1418 (the "CPIUN"), the United Nations enjoys absolute immunity from suit unless "it has expressly waived its immunity." *Id.* art. II, § 2. In addition, the International Organizations Immunities Act of 1945, 22 U.S.C. § 288a(b) (the "IOIA"), provides that international organizations designated by the President receive the "same immunity from suit and every form of judicial process as is enjoyed by foreign governments," and the U.N. has been so designated. *See Brzak v. United Nations*, 597 F.3d 107, 112 (2d Cir. 2010) (holding that "the CPIUN unequivocally grants the United Nations absolute immunity without exception"); *Van Aggelen v. United Nations*, 311 F. App'x 407, 409 (2d Cir. 2009) ("The United Nations enjoys absolute immunity under the" U.N. Charter, the CPUIN, and the IOIA). The CPIUN is a "self-executing" treaty, meaning that "American courts must recognize the immunity it adopts in domestic litigation." *Brzak*, 597 F.3d at 111-13.[3]

---

[3] The relevant "international law" laying out the UN Secretary-General's "privileges and immunities" is the Vienna Convention on Diplomatic Relations. *Brzak*, 597 F.3d at 113. Under that treaty, "current diplomatic envoys enjoy absolute immunity from civil and criminal process," subject to a few narrow exceptions enumerated in Article 31, none of which are relevant here. Those situations are: "(a) a real action relating to private immovable property situated in the territory of the receiving State, unless he holds it on behalf of the sending State for the purposes of the mission; (b) an action relating to succession in which the diplomatic agent is involved as executor, administrator, heir or legatee as a private person and not on behalf of the

Although senior executives of the UN – including the Secretary General of the United Nations, Under Secretaries-General and Assistant Secretaries-General of the United Nations– enjoy full diplomatic immunity, CPIUN art. V, § 19, other U.N. employees do not, *Van Aggelen*, 311 F. App'x at 409 ("[A] U.N. employee, does not enjoy full diplomatic immunity."). Nevertheless, a U.N. employee is shielded by functional immunity under the General Convention for "all acts performed . . . in [the employee's] official capacity." General Convention, art. 5, § 18(a). In addition to the functional immunity available to U.N. employees under the General Convention, under section 7(b) of the IOIA, U.N. officers and employees are immune from suit and legal process "relating to acts performed by them in their official capacity and falling within their functions as [ ] officers or employees, except insofar as such immunity may be waived by the [U.N.]." IOIA, 22 U.S.C. § 288d(b).

The U.N. and U.N. Secretary-General are absolutely immune from suit in connection with the claims asserted in this complaint. *See Georges v. United Nations et al.,* 834 F.3d 88, 93 (2d Cir. 2016) (affirming on immunity grounds dismissal of claims against the U.N. and U.N. secretary-general). To the extent Defendants Bulkan and Tigroudja do not enjoy full diplomatic immunity, the claims asserted against them arise from acts performed within their official capacities, and falling within their functions as officers or employees of the U.N., and thus they are also immune from suit. *See Shatsky v. Palestine Liberation Org*, No. 18-CV-12355 (MKV) (DCF), 2021 WL 5770870, at *1 n.2 (S.D.N.Y. Dec. 6, 2021) (noting that U.N. employees who do not enjoy full diplomatic immunity are "shielded by functional immunity" for all acts

---

sending State; [and] (c) an action relating to any professional or commercial activity exercised by the diplomatic agent in the receiving State outside his official functions." Vienna Convention art. 31; *Georges v. United Nations*, 84 F. Supp. 3d 246, 250 (S.D.N.Y. 2015), *aff'd* 88, 93 (2d Cir. 2016).

performed in their official capacities (quoting *Van Aggelen*, 311 F. App'x at 409)); *D'Cruz v. Annan*, No. 05-CV-8918 (DC), 2005 WL 3527153, at *1 (S.D.N.Y. Dec. 22, 2005) (holding that, "absent waiver, the CPIUN immunizes U.N. "officials sued for acts performed in their official capacities."), *aff'd*, 223 F. App'x 42 (2d Cir. 2007); *Laventure v. United Nations*, 279 F. Supp. 3d 394, 400 (E.D.N.Y 2017) ("Here, plaintiffs have sued the individual defendants in their official capacities, and there is no indication that any relevant actions of the individual defendants fell outside the scope of their official duties.") The complaint is therefore dismissed on immunity grounds.[4]

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the complaint cannot be cured with an amendment, the Court declines to grant leave to file an amended complaint.

---

[4] This petition may suffer from two additional defects. First, the Court notes that Plaintiffs Qianhui and Ding may not have standing to bring this action. A *pro se* litigant generally cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)). Only if a pro se litigant is both the administrator and sole beneficiary of an estate with no creditors can they appear *pro se* on behalf of another's estate, and it is not clear whether Qianhui meets those qualifications here. *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 897 (2d Cir. 2019). Second, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Yunhong Ding did not sign the complaint as Rule 11 requires. Because the Court is dismissing the complaint on immunity grounds, these issues need not be resolved.

## CONCLUSION

The complaint is dismissed without prejudice, on immunity grounds, for lack of subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B)(iii). Fed. R. Civ. Proc. 12(h)(3). Although summonses have issued, Defendants are not required to answer the complaint.

Judgment shall issue.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 29, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge